## Ex parte WONG WING.

(District Court, D. Massachusetts.    August 5, 1914.)

No. 771.

1. HABEAS CORPUS ⊜85—DEPORTATION OF ALIENS—WEIGHT AND SUFFI-
CIENCY OF EVIDENCE.

On habeas corpus by a Chinese person, held for deportation under a judgment or order for the deportation of a person who subsequently escaped from custody, evidence *held* to show by a preponderance thereof ·that the petitioner and the defendant named in such judgment was the same person.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. ⊜85.]

2. ALIENS ⊜32—DEPORTATION—JUDGMENT OF DEPORTATION—TIME OF EN-
FORCEMENT—"CIVIL PROCEEDING."

Where a Chinese person, ordered deported by a judgment of a United States commissioner and an order based thereon, escaped from custody and was not recaptured for nearly ten years, he could then be deported under such judgment and order, notwithstanding a state law under which executions in civil cases expire unless renewed in one year, since, while deportation proceedings are "civil" in their nature, the judgment and order were the equivalent of a warrant in a criminal case, and their validity was not limited by the state law.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. ⊜32.

For other definitions, see Words and Phrases, First and Second Series, Civil Action.]

3. ALIENS ⊜32—DEPORTATION—WAIVER, ESTOPPEL, OR ELECTION OF REME-
DIES.

A Chinese person, ordered deported by a judgment of a United States commissioner, escaped from custody. He was thereafter arrested under another name as being unlawfully within the United States, and after a hearing before a commissioner, who excluded the prior judgment for lack of evidence connecting it with the defendant, discharged defendant, and found that he was lawfully within the United States. · Thereupon the defendant was rearrested under the first judgment. *Held*, that there was no waiver or election of remedies by the United States, or estoppel against it, that prevented it from deporting defendant under the first judgment, as a waiver or an election of remedies depends upon an actual or imputed intent by a party, who has taken a certain course of action to abandon all other inconsistent positions, and there was nothing inconsistent in the different positions of the United States, which at all times contended that defendant was unlawfully in the country and subject to deportation, and the inconsistent judgment rendered in a different proceeding did not estop the United States from enforcing the outstanding and valid judgment, especially as the principles of estoppel or waiver should be cautiously applied against rights asserted by the public.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. ⊜32.]

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. ALIENS ⊙⇒32—DEPORTATION PROCEEDINGS—"JUDGMENT."**
The decisions of the United States commissioners in proceedings to deport aliens are "judgments."

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. ⊙⇒32.

For other definitions, see Words and Phrases, First and Second Series, Judgment.]

Petition by Wong Wing for a writ of habeas corpus. Petition dismissed, and prisoner remanded.

William H. Lewis, of Boston, Mass., for petitioner.

Asa P. French, U. S. Atty., and James S. Allen, Jr., Asst. U. S. Atty., both of Boston, Mass.

MORTON, District Judge. The petitioner is a Chinese person who has been arrested and is held for deportation under a "judgment" or order of deportation made by Fred W. Dudley, United States commissioner for the Northern district of New York, dated May 19, 1903. The defendant named in said judgment was Chung Ming. The petitioner says that he is not Chung Ming, but is Wong Wing, a different person. The respondent contends that Chung Ming and Wong Wing are the same person. The case was heard before me in open court, and several witnesses testified for each party.

Chung Ming, after having been arrested on the Dudley judgment, escaped from the custody of a United States marshal at Providence, R. I., on June 19, 1903, while being transported for deportation, and was not recaptured. On March 13, 1913, the petitioner was arrested under the name Wong Wing on proceedings instituted in this district on the charge of being a Chinese laborer unlawfully in the United States. Act July 5, 1884, c. 220, § 1, 23 Stat. 117, amending Act May 6, 1882, c. 126, § 12, 22 Stat. 61 (Comp. St. 1913, § 4299). The matter was heard before United States Commissioner Hayes. At the time of the proceedings before Commissioner Hayes, the United States officials in charge of them had contended that Wong Wing and Chung Ming were the same person, and offered the Dudley judgment and order in evidence. It was excluded by the commissioner for lack of evidence connecting it with the defendant. He did not undertake to decide whether Wong Wing was Chung Ming, and on the evidence before him found that Wong Wing was a Chinese merchant lawfully within the United States and ordered his discharge. No appeal was or could be taken from this decision. Thereafter the petitioner was rearrested on the Dudley judgment, and these proceedings were instituted to obtain his discharge.

Three principal questions are presented: (1) Whether Wong Wing, the petitioner, is the Chung Ming against whom the Dudley judgment was rendered; (2) if so, whether that judgment is still in force; (3) whether the Hayes judgment in favor of Wong Wing bars the United States from proceedings to deport under the Dudley judgment, assuming the latter judgment to be against the same man and to be still in force.

[1] As to (1): The photograph annexed to the Dudley judgment is that of Chung Ming, and the description of Chung Ming therein contained is accurate as far as it goes. All of the identifying marks mentioned in this description and shown in this photograph, with possibly one exception, are found on the petitioner. Some of these marks are of decidedly unusual character. There are no significant differences between Chung Ming and the petitioner. There was uncontradicted evidence by competent experts that the petitioner is the person whose photograph is annexed to the Dudley judgment. There was a significant absence of satisfactory evidence concerning the petitioner's whereabouts in and prior to 1903. He testified that he had lived in this country since he was 8 years old, but he appeared unable to understand very simple English questions which I put to him; and his testimony was given almost entirely through an interpreter. Upon all the evidence I am satisfied, by a fair preponderance of the evidence, and I find, that Wong Wing and Chung Ming, alias Chin Ming, are the same person.

[2] As to (2): It is contended by the petitioner that deportation proceedings are civil in their nature, which is undoubtedly well established (Li Sing v. United States, 180 U. S. 486, 21 Sup. Ct. 449, 45 L. Ed. 634; Fong Yue Ting v. United States, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905); that the warrant of deportation is equivalent to an execution on a judgment in a civil case; that by the law of New York such executions expired, unless renewed by an alias, in one year after their date; and that therefore the Dudley judgment has expired, and is no longer of any force or effect. But it seems to me that this is pressing the analogy between deportation proceedings, which are almost sui generis, and actions at law, altogether too far. No United States statute and no decision bearing on the point has come to my attention. I do not think orders of deportation made by the United States immigration authorities ought to be governed in this respect by the law of the state in which they happen to be made. It seems to me that the Dudley judgment of deportation and the order based upon it are, as to the matters now before the court, the equivalent of a warrant in a criminal case, that their validity is not limited by the New York law relating to executions in civil cases, and that they are still in full force and effect against the petitioner.

[3, 4] As to (3): If, as I have found, the petitioner and Chung Ming are the same person, there was, at the time when deportation proceedings were instituted against the petitioner by the United States in this district in 1913, an outstanding judgment of deportation against him on which he might have been arrested and deported. Instead of proceeding directly upon that judgment, the United States officers chose to institute new proceedings, the result of which was an adjudication in the petitioner's favor that he was lawfully in the United States. It is contended by the petitioner that the United States, having elected, with full knowledge of the Dudley judgment, not to rely solely upon it, but to proceed de novo against him, and having lost, cannot now assert the former judgment, and that the respondent's

answer in these proceedings setting up the Dudley judgment (therein called a "warrant and order"), is sufficiently met by the Hayes judgment in the petitioner's favor, which, it is said, conclusively establishes his right to remain in the United States. The decisions of the United States commissioners were judgments. Grin v. Shine, 187 U. S. 181, 187, 23 Sup. Ct. 98, 47 L. Ed. 130. It is plain that the second judgment in no way affected the validity of the first judgment. In other words, Commissioner Hayes had no authority to revise or correct the judgment entered by Commissioner Dudley; and he has not undertaken to do so. If the validity of the Dudley judgment has been affected, it must be because of the action of the United States in instituting new proceedings with knowledge that the Dudley judgment was in existence. The principles invoked seem to be those of waiver, election of remedies, or estoppel. No case has been found which throws much light on the matter. As to waiver and election of remedies, these depend upon an actual or imputed intent by a party who has taken a certain course of action to abandon all other inconsistent positions. There would seem to be nothing inconsistent between the position of the United States before Commissioner Hayes and its present position. At both times, it contended that the petitioner was unlawfully in the United States and was subject to deportation. If the petitioner had in fact escaped from a United States marshal while being transported for deportation, he was unlawfully in the United States and was subject to deportation, both because he had no right to be in the United States, and because he had been ordered deported. I do not think that the United States, by proceeding against him upon the first ground, ought to be held to have waived or lost its rights to proceed against him on the second. Nor do I think that the United States is estopped by the decision of Commissioner Hayes from further proceedings against the petitioner. The judgment on which the United States now relies long antedates that of Commissioner Hayes. It does not seem to me that a party is estopped from enforcing an outstanding and valid judgment by reason of a later inconsistent judgment rendered in different proceedings, and I think that the principles of estoppel or waiver should be applied with especial caution against rights asserted by the public.

In accordance with the foregoing opinion and findings of fact, I have dealt with the petitioner's requests for findings and rulings, a copy of which is hereto annexed, as follows: I have denied the first, third, fourth, fifth, sixth, and seventh. As to the first, I do not think that there is any presumption as therein stated; but I rule that the burden of proof is upon the respondent to establish by a fair preponderance of the evidence that the petitioner is Chung Ming, and that this burden has been sustained. I give the second, twelfth, thirteenth, and fourteenth requests, my view being that any evidence tending to show that the petitioner was unlawfully in the United States might have been presented at the hearing before Commissioner Hayes. At the hearing before me the petitioner waived in open court all questions relating to the insufficiency of the returns upon the writs or

warrants, and as to Kammerlohr's authority to serve process in this district. The ninth, tenth, and eleventh requests are therefore waived.

The result is that the petitioner is lawfully held for deportation, and is not entitled to be discharged. Petition dismissed; prisoner remanded.